[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is an action for personal injury suffered as a result of a motor vehicle collision. The defendant moves to strike the second prayer for relief as to each count of the complaint on the ground that neither count is sufficient to support a claim for damages under General Statutes § 14-295.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff."Waters v. Autuori, 236 Conn. 820, 825 (1996).
Count one asserts a claim for negligence. Section 14-295, by its express terms, does not apply to negligent conduct. The plaintiff's argument that he is entitled to damages under § 14-295 because count one alleges a violation of the reckless driving statute, § 14-222, is, therefore, without merit.
Count two alleges a statutory claim of recklessness under § 14-295. The court is aware of the split of authority in Connecticut regarding the degree of specificity required in alleging a claim of recklessness pursuant to § 14-295. The court is in agreement with those decisions which hold that §14-295 does not require a plaintiff to plead facts which would support a common law cause of action for recklessness. See, e.g., Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.) (8 C.S.C.R. 1024). The court finds that count two contains sufficient allegations that the defendant violated statutes enumerated in § 14-295 with reckless disregard and that the violations were a substantial factor in causing the plaintiff's injuries.
Accordingly, the defendant's motion to strike the second CT Page 5775 prayer for relief as to count one is granted; the motion to strike the second prayer for relief as to count two is denied.
Booth, J.